IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>FAIRCHILD SEMICONDUCTOR CORPORATION, )<br>GENERAL ELECTRIC COMPANY,   )<br>HARRIS CORPORATION, and   )<br>INTERSIL CORPORATION,   )<br>   )<br>   Defendants.   )<br>_____)  | Civil Action No. 3:11-CV-01261 |

## CONSENT DECREE

## TABLE OF CONTENTS

I.     BACKGROUND ............................................................. 1
II.    JURISDICTION ............................................................ 1
III.   PARTIES BOUND .......................................................... 1
IV.    DEFINITIONS .............................................................. 1
V.     STATEMENT OF PURPOSE ............................................. 3
VI.    PAYMENT OF RESPONSE COSTS ..................................... 3
VII.   FAILURE TO COMPLY WITH CONSENT DECREE ................ 4
VIII.  COVENANTS NOT TO SUE BY PLAINTIFF ......................... 5
IX.    RESERVATION OF RIGHTS BY UNITED STATES ................. 5
X.     COVENANTS NOT TO SUE BY SETTLING DEFENDANT ........ 6
XI.    EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION .... 7
XII.   RETENTION OF RECORDS AND CERTIFICATION ................ 8
XIII.  NOTICES AND SUBMISSIONS ......................................... 8
XIV.   RETENTION OF JURISDICTION ....................................... 9
XV.    INTEGRATION/APPENDICES ........................................... 9
XVI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ..... 9
XVII.  SIGNATORIES/SERVICE ................................................ 10
XVIII. FINAL JUDGMENT ....................................................... 10

## I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the South Mountain Boulevard TCE Site ("Site") in Mountain Top, Luzerne County, Pennsylvania.

B. The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint.

C. The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall be the date upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Past Response Costs" shall mean all costs, including, but not limited to, direct and indirect costs, that the United States has paid or incurred in connection with the Site through the Effective Date of the Consent Decree.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean the following entities:

Fairchild Semiconductor Corporation

2

General Electric Company
Harris Corporation
Intersil Corporation.

"Site" shall mean the South Mountain Boulevard TCE Site, which encompasses an approximately 84-acre manufacturing facility located at 125 Crestwood Drive, and residences located at 222, 226, and 234 South Mountain Boulevard, in Mountain Top, Luzerne County, Pennsylvania.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment to resolve their alleged civil liability for the Site under Section 107 of CERCLA, 42 U.S.C. § 9607, as provided in the Covenants Not to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI. PAYMENT OF RESPONSE COSTS

5. Within thirty (30) days of the Effective Date of this Consent Decree, Settling Defendants shall pay to EPA the sum of $428,960.00 in reimbursement of Past Response Costs by FedWire Electronic Funds Transfer ("EFT" or "wire transfer") to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing USAO File No. 2011V00183, the EPA Region and Site/Spill ID No. A3CY, and DOJ Case No. 90-11-3-09634. Payment shall be made in accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Pennsylvania following lodging of this Consent Decree. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions) and to:

> Regional Hearing Clerk (3RC00)
> United States Environmental Protection Agency
> Region III
> 1650 Arch Street
> Philadelphia, PA 10103-2029
>
> Barbara Borden (3PM30)
> United States Environmental Protection Agency
> Region III
> 1650 Arch Street
> Philadelphia, PA 10103-2029

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

6. <u>Interest on Late Payments</u>. If Settling Defendants fail to make the payment required under Paragraph 5 (Payment of Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

7. <u>Stipulated Penalty</u>.

a. If any amounts due under Paragraph 5 are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 6, $3,000.00 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

United States Environmental Protection Agency, Region III
Attention: Superfund Accounting
P.O. Box 360515
Pittsburgh, PA  15251-6515

All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the Party making payment, the EPA Region and Site/Spill ID No. A3CY, USAO File No. 2011V00183, and DOJ Case No. 90-11-3-09634. Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be sent to EPA and DOJ as provided in Section XIII (Notices and Submissions) and to:

Regional Hearing Clerk (3RC00)
United States Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103

c. Penalties shall accrue as provided in this Section regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

8. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

9. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

10. The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

11. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII. COVENANT NOT TO SUE BY UNITED STATES

12. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

## IX. RESERVATIONS OF RIGHTS BY UNITED STATES

13. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 12. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendants with respect to:

    a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

    b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

    c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

    d. criminal liability; and

    e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

5

## X. **COVENANT NOT TO SUE BY SETTLING DEFENDANTS**

14. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

   a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

   b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Pennsylvania, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

   c. any claim against the United States, including any department, agency, or instrumentality of the United States, pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, or state law, relating to Past Response Costs.

15. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

16. Settling Defendants agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

17. The waiver in Paragraph 16 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

   a. that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

b. that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The Parties expressly reserve any and all rights (including, but not limited to, any right pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2) and (3), to pursue any such persons to obtain additional response costs or response actions and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

19. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) and that Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs as defined herein.

20. Settling Defendants shall, with respect to any suit or claim brought by each for matters related to this Consent Decree, notify the EPA and DOJ in writing no later than sixty (60) days prior to the initiation of such suit or claim. Each Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify the United States in writing within ten (10) days of service of the complaint or claim upon them. In addition, Settling Defendants shall notify the EPA and DOJ within ten (10) days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial.

21. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by the United States set forth in Section VIII.

## XII. RETENTION OF RECORDS

22. Until 10 years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all non-identical copies of records, reports, or information (hereinafter referred

to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

23. After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records to EPA. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

24. Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XIII. NOTICES AND SUBMISSIONS

25. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Defendants in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to DOJ, EPA, and Settling Defendants, respectively.

As to DOJ:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DOJ # 90-11-3-09634)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Suzanne M. Parent
Senior Assistant Regional Counsel
United States Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

As to Settling Defendants:
Kirk R. Macfarlane
Counsel
Mid-Atlantic/Southeast/Western Regions
General Electric Company
640 Freedom Business Center
King of Prussia, PA 19406

### XIV. RETENTION OF JURISDICTION

26. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

### XV. INTEGRATION/APPENDICES

27. This Consent Decree and its appendices constitutes the final, complete and exclusive agreement and understanding among the Defendants with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

### XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

29. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

### XVII. SIGNATORIES/SERVICE

30. Each undersigned representative of a Settling Defendant to this Consent Decree and the Chief/Deputy Chief, Environmental Enforcement Section of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

31. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

32. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. FINAL JUDGMENT

33. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS １st DAY OF Sept , 2011.

s/Yvette Kane
_____
United States District Judge

*THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Fairchild Semiconductor Corporation, relating to the South Mountain Boulevard TCE Superfund Site.*

**FOR THE UNITED STATES OF AMERICA:**

BRUCE GELBER
Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044


JOHN W. SITHER
Senior Lawyer
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044


PETER J. SMITH
UNITED STATES ATTORNEY
Middle District of Pennsylvania


/s Mark E. Morrison
MARK E. MORRISON
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Ronald Reagan Federal Building
228 Walnut Street
Harrisburg, PA 17108
(717) 221-4482

11